## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## SCRANTON DIVISION

MICHAEL MESSENGER, for himself
and on Behalf of those similarly situated,

      Plaintiff,                              CASE NO.:

vs.

CABOT OIL & GAS CORPORATION a
Texas Corporation, CARRIE'S                 **CLASS/COLLECTIVE ACTION**
TRANSPORT & RENTAL, LLC, a            **PURSUANT TO 29 U.S.C. §216(b)**
West Virginia Limited Liability              **and FED. R. CIV. P. 23**
Company, and HERBERT H. SWINEY,
Individually,

          Defendants.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MESSENGER ("Plaintiff"), for himself and on behalf of those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, CARRIE'S TRANSPORT & RENTAL, LLC, a West Virginia Limited Liability Company, ("CARRIE'S"), CABOT OIL & GAS CORPORATION a Texas Corporation, ("CABOT"), and HERBERT H. SWINEY ("SWINEY"), an Individual (collectively "Defendants"), to recover from Defendants overtime pay as required by Fair Labor Standards Act ("FLSA"), and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.      Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

## PARTIES

4.      At all times material hereto, Plaintiff was and continues to be a resident of Lackawanna County, Pennsylvania.

5.      Plaintiff worked for CABOT and CARRIE'S in Susquehanna County, and Wyoming County, Pennsylvania.

6.      At all times material hereto, CARRIE'S was and continues to be a West Virginia Corporation.  Further, at all times material hereto, CARRIE'S was and continues to be regularly engaged in business in Pennsylvania, including in Susquehanna County.

7.      At all times material hereto, CABOT was and continues to be a

corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal offices and place of business in Houston Texas. CABOT regularly conducts business in Pennsylvania. CABOT has a district office in Susquehanna County at 8207 S.R. 29, Montrose PA 18801, as well as a regional office in Pittsburg.

8.     At all times relevant hereto, CABOT and CARRIE'S, were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not, and are not, completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

9.     CABOT is currently listed with the Delaware Department of State and CARRIE'S is currently listed with the West Virginia Department of State, Division of Corporations, as "Active" businesses.  See Corporation search results for CABOT and CARRIE'S attached hereto as Exhibits A and B, respectively.

10.    Based on information and belief, at all times material hereto, Defendant SWINEY was an individual resident of Jackson County, West Virginia.

11.    At all times material hereto, SWINEY owned and operated

CARRIE'S.

12.    At all times material hereto, SWINEY regularly held and exercised the authority to hire and fire employees of CARRIE'S.

13.    At all times material hereto, SWINEY regularly held and exercised the authority to determine the work schedules for the employees of CARRIE'S.

14.    At all times material hereto, SWINEY regularly held and exercised the authority control the finances and operations of CARRIE'S.

15.    By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of CARRIE'S; (b) determine the work schedules for the employees of CARRIE'S; and (c) control the finances and operations of CARRIE'S, SWINEY  is an employer as defined by 29 U.S.C. 201 et. seq.

16.    At all times material hereto, SWINEY was a manager for CABOT, acting in CABOT's interest in directing the work of Plaintiff and others similarly situated to Plaintiff.

17.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18.    At all times material hereto, Defendants were "employers" within the meaning of FLSA.

19.    At all times material hereto, CABOT was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling,

selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

20.     At all times material hereto, CARRIE'S was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

21.     Based upon information and belief, the annual gross revenue of CABOT was in excess of $500,000.00 per annum during the relevant time periods.

22.     Based upon information and belief, the annual gross revenue of CARRIE'S was in excess of $500,000.00 per annum during the relevant time periods.

23.     At all times material hereto, Defendant CABOT had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers, vacuums, and tools, which were used directly in furtherance of Defendant's business.

24.     At all times material hereto, Defendant CARRIE'S had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers,

vacuums, and tools, which were used directly in furtherance of Defendant's business.

25.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26.    CABOT is an oil and natural gas production and exploration company, which operates throughout the United States, including in Pennsylvania.

27.    CABOT contracted with CARRIE'S to provide laborers necessary to its oil and gas work in Pennsylvania.

28.    CARRIE'S is owned and operated by Swiney, who was, at all times relevant to this action, a safety manager employed by Cabot.

29.    All of CARRIE'S' workers were supervised on a daily basis by CABOT company-men, who wore CABOT's insignia on their clothing.

30.    In October 2014, Defendants hired Plaintiff as laborer for Defendants' business.

31.    Plaintiff's work included operating large vacuums in oil fields, picking up trash, and whatever else he was directed to do by Defendants.

32.    At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

33.    Despite working hundreds of overtime hours for Defendants, Plaintiff

was paid only a day-rate, with no overtime premiums for his work.

34.     Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at a rates of one and one-half times his regular rate of all hours worked in excess of forty (40) hours in a single workweek.

35.     Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

36.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

37.     The additional persons who may become Plaintiffs in this action also "worked" for Defendants as laborers and were denied proper overtime compensation for overtime hours, due to Defendants' policy and practice of paying a flat day-rate for each day worked, without any premium for overtime hours.

38.     Plaintiff and others similarly situated were also subject to a common policy and scheme of misclassification, pursuant to which they were classified as independent contractors, despite performing work for Defendants as employees.

39.     Plaintiff and others similarly situated were directed and controlled in their work by Defendants.

40.     Plaintiff and others similarly situated were not able to set their own

rate of pay.

41. Plaintiff and others similarly situated were required to follow Defendants' rules, including rules related to dress, conduct, and absences.

42. Plaintiff and others similarly situated worked for Defendants for an open-ended time period.

43. Plaintiff and others similarly situated did not have any contract with Defendants.

44. Plaintiff and others similarly situated had little relative investment in the business, as Defendant purchased all of the large equipment used to do the labor which Plaintiff and others similarly situated performed.

45. Defendants set the schedules for Plaintiff and others similarly situated.

46. The work Plaintiff and others similarly situated performed was essential and integral to Defendants' business.

47. The labor performed by Plaintiff and those similarly situated did not involve a high degree of skill.

48. Defendants controlled the opportunity for profit or loss for Plaintiff and others similarly situated, as they earned income by working the days scheduled, and had no ability to use their managerial skills to affect their profit or loss.

49. Defendants have violated Title 29 U.S.C. §207 and the PMWA during

the term of Plaintiff's employment, in that:

      a.     Plaintiff, and those similarly situated, worked in excess of forty (40) hours per week during his employment with Defendants;

      b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA;

      c.     Defendants failed to maintain proper time records.

50.    Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff and those similarly situated for hours over 40. Defendants failure to do so was knowing or in reckless disregard of the law.

51.    Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## CLASS/COLLECTIVE ALLEGATIONS

52.    Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on

those similarly situated.

53.    Numerous individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA and the PMWA.

54.    Numerous other individuals who worked with Plaintiff were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

55.    Based on his personal observations during his years of working for Defendants, Plaintiff is aware that the illegal practices described herein were applied to others who are similarly situated.

56.    Plaintiff and those similarly situated were all improperly classified as independent contractors and not paid proper overtime compensation when they worked in excess of forty (40) hours per week.

57.    Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA are the product of generally applicable, systematic policies, and practices which are not dependent on the circumstances of each individual employee.

58.    Because he was subject to common policies and practices while performing similar work, Plaintiff's experiences, and the violations to which he was subject are typical of those experienced by those similarly situated.

59.     The specific job titles or precise job locations of the similarly situated individuals do not prevent class or collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

60.     Plaintiff has no interests contrary to, or in conflict with, the members of the class of individuals he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA and PMWA.

61.     A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

62.     Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendants will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA and PMWA.

63.     Furthermore, even in the event that others similarly situated sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

64.     Litigating this matter as a class action promotes judicial economy.

65.     Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

        a.      Whether Defendants employed these laborers within the

meaning of the FLSA and the PMWA;

b.  Whether the laborers were improperly misclassified as independent contractors;

c.  Whether the laborers were improperly denied overtime premiums for hours worked over forty;

d.  Whether the classification of the laborers as independent contractors was in good faith; and

e.  Whether the violation of the FLSA and the PMWA was willful;

66.  Plaintiff's claims are typical of the claims of those he seeks to represent. Plaintiff and those similarly situated were uniformly damaged by Defendants' unlawful policies, which were equally applicable to Plaintiff and those he seeks to represent.

67.  There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action.

68.  While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work dates are known. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

69.     Plaintiff re-alleges and reavers paragraphs 1 through 66 of the Complaint, as if fully set forth herein.

70.     Throughout his employment, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

71.     Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

72.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

73.     Those similarly situated to Plaintiff also worked similar hours, and performed similar duties for Defendants, but also were not paid any overtime premiums for hours over forty in a workweek.

74.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

75.    Defendants failed to properly disclose or apprise Plaintiff and those similarly situated, of their rights under the FLSA.

76.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

77.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA

78.    Plaintiff re-alleges and reavers paragraphs 1 through 68 of the Complaint, as if fully set forth herein

79.    Plaintiff brings this claim as a Rule 23 class action pursuant to the PMWA.

80.    At all times relevant hereto, Plaintiff and those similarly situated were "employees" within the meaning of the PMWA.

81.    The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

82.    At all relevant times, Defendants were subject to the requirements of the PMWA.

83.    The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and those similarly situated are entitled to overtime pay under the PMWA.

84.    Defendants had a policy and practice of misclassifying Plaintiff and those similarly situated as independent contractors and failing to pay these workers applicable overtime premiums.

85.    Plaintiff, for himself and on behalf of those similarly situated, seeks unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

86.    Plaintiff, for himself and on behalf of those similarly situated, also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiff prays for judgment against Defendants, including an Order:

a.    certifying this action as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, allowing them 90 days to assert

FLSA claims in this action by filing Consents to Join the action pursuant to 29 U.S.C. § 216(b);

b.      requiring Defendants to provide contact information for members of the class/collective sufficient to send the notice described in paragraph a., above.

c.      finding Defendants liable to Plaintiff and those similarly situated, for unpaid back wages under Section 16(b) of the FLSA, as well as for liquidated damages equal in amount to their unpaid compensation;

d.      designating a class under the PMWA pursuant to Fed. R. Civ. P. 23;

e.      appointing Plaintiff as the Lead Plaintiff and his counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

f.      awarding attorneys' fees, costs and pre- and post-judgment interest; and

g.      granting any such further relief deemed necessary or appropriate by the Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by

jury.

Dated this ____ day of February, 2019.


Respectfully submitted,


Angeli Murthy, Esq.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Phone: (954) 327-5369
Fax: 954-327-3016
E-mail:  amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

**VERIFICATION**

I, MICHAEL MESSENGER, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 1/22/2019

MICHAEL MESSENGER